# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

IRENE WILKES,

        Plaintiff,

v.                                                  CIVIL ACTION NO. 5:17-cv-03606

RALEIGH COUNTY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendants Raleigh County and the Raleigh County Sheriff's Department's Motion to Dismiss the Plaintiff's Complaint* (Document 10) and *Memorandum of Law in Support* (Document 11), the *Plaintiff's Response in Opposition* (Document 14), and the *Defendants' Reply* (Document 18). The Court has also reviewed the *Defendant, Beckley Police Department's Motion to Dismiss the Plaintiff's Complaint* (Document 12) and *Memorandum of Law in Support* (Document 13), the *Plaintiff's Response in Opposition* (Document 15), and the *Defendant's Reply* (Document 19). Finally, the Court has reviewed the Plaintiff's *Complaint* (Document 1) and all attached exhibits. For the reasons stated herein, the Court finds that the Defendants' motion should be granted.

## FACTUAL ALLEGATIONS

The Plaintiff, Irene Wilkes, initiated this action with a complaint filed in this Court on July 13, 2017. The Plaintiff originally named the following entities as Defendants: Raleigh County, a

1

municipal corporation organized under the laws of the State of West Virginia, Raleigh County Sheriff's Department, a law enforcement agency established, maintained, and controlled by Raleigh County, Beckley Police Department (BPD), a law enforcement agency established, maintained, and controlled by the City of Beckley and the West Virginia State Police (WVSP), a state law enforcement agency organized under the laws of the State of West Virginia, operating as the Beckley/Raleigh County Drug and Violent Crime Unit. (Compl. at ¶ 1-8.) The Plaintiff alleges that the Defendants' acts were done "under the color and pretense of [the law] of the State of West Virginia and under the authority of the office" by which they were employed. (*Id.* at ¶ 8.)

Ms. Wilkes, a "long-time resident of Raleigh County, West Virginia and a respected member of her community," owned a 2011 Chrysler 200 automobile that she "often allowed her grandson,[1] who was in his early twenties and a recent college graduate," to use. (*Id.* at ¶ 12-13.) On June 23, 2015, while driving said automobile with his cousin, law enforcement officers stopped her grandson, searched the car, and subsequently arrested him and his cousin for narcotics violations. After the arrest, the Defendants seized the Plaintiff's car and subsequently searched the Plaintiff's home without a warrant. The defendants filed no charges against Ms. Wilkes regarding any illegal activity and she was never engaged in the trafficking or use of illegal drugs.

On July 13, 2015, the Defendants initiated a forfeiture proceeding pursuant to West Virginia law to permanently take ownership of the Plaintiff's automobile. Ms. Wilkes received notice of the initiation of the proceedings on August 4, 2015, but the Defendants did not provide

---

1 The Plaintiff's grandson, Marquel Ali, brought a separate civil action against the named Defendants here and several other defendants challenging the stop and arrest referenced here. That case, Civil Action No. 5:17-cv-03386, is currently pending before this Court.

her with a copy of the petition. On August 24, 2015, Ms. Wilkes filed a "Notice of Claim in Response to the Petition for Forfeiture" wherein she stated that she "was the registered owner of the vehicle seized by the Defendants" and gave notice that she had a claim to the property. (*Id.* at ¶ 28.) The Defendants never scheduled a hearing on the petition after her response, but also never withdrew their petition. Finally, in June 2017, after her grandson was acquitted of the charges filed against him during the 2015 arrest, the Defendants returned the automobile to Ms. Wilkes. Throughout that time, Ms. Wilkes "made all monthly payments for the vehicle and [for the] continuation of insurance related to the same." (*Id.* at ¶ 34.)

Shortly thereafter, Ms. Wilkes filed her complaint in this case pursuant to 42 U.S.C. § 1983, wherein she sets forth three counts. Count I alleges unlawful seizure and pursuit of forfeiture, Count II alleges deprivation of property without due process of law and under color of law, and Count III alleges conversion.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Defendants Raleigh County and the Raleigh County Sheriff's Department move for dismissal of the Plaintiff's complaint on several grounds.

### A. *Stand-Alone Entities*

The Raleigh County Defendants first argue that all of the claims against the Raleigh County Sheriff's Department and the BPD should be dismissed because neither the Sheriff's Department nor the BPD are entities capable of being sued. As it relates to the Sheriff's Department, the Defendants state that "there is no organic authority in state law that creates a sheriff's department or sheriff's office," thus rendering the sheriff's office incapable of facing suit. As to the BPD, the Defendants rely on West Virginia Code § 29-12A-3(b) and its definitions of "municipality" and "political subdivisions." The Defendants argue that this state law makes the BPD an instrumentality of the city and therefore not an entity capable of being sued. The Plaintiff counters that previous case law from this Court is incorrect, and that a sheriff's department in the state of West Virginia is capable of being sued.

The Plaintiff contends that both entities can face suit. She contends that West Virginia Code § 29-12A-3(c), part of the West Virginia Governmental Tort Claims and Insurance Reform Act, does not provide sheriff's departments with state immunity from lawsuits. The Plaintiff further argues that the West Virginia Supreme Court of Appeals "has not questioned" whether a sheriff's office is capable of facing suit. The Plaintiff also asserts that the Defendants ask this Court to broaden its ruling in *Webb v. Raleigh Cty. Sheriff's Dep't*, No. 5:09-CV-01253, 2010 WL 3702648 (S.D.W. Va. Sept. 16, 2010), an exercise the Plaintiff argues the Court should not undertake.

The Court finds that neither the Raleigh County Sheriff's Department nor the BPD are entities capable of being sued. With respect to the Raleigh County Sheriff's Department, this Court has previously found on multiple occasions that,

> [w]hile West Virginia law provides for the election of sheriffs and the appointment of sheriff's deputies, there is no organic authority in state law that creates a sheriff's department or sheriff's office. This stands in contrast to entities such as volunteer fire departments and emergency service organizations, the existence of which is provided for by state law and both of which qualify as political subdivisions under Section 29-12A-3(c) [of the West Virginia Code].

*Webb v. Raleigh Cty. Sheriff's Dep't*, No. 5:09-CV-01253, 2010 WL 3702648, at *7 (S.D.W. Va. Sept. 16, 2010); *Tomashek v. Raleigh Cty. Emergency Operating Ctr.*, No. 2:17-CV-01904, 2018 WL 522420, at *2-3 (S.D.W. Va. Jan. 23, 2018) (Goodwin, J.); *see also*, *Kowalyk v. Hancock Cty.*, No. CIV.A. 5:08CV181, 2009 WL 981848, at *2 (N.D.W. Va. Apr. 9, 2009).

Further, this Court has made similar findings regarding police departments in general and the BPD specifically. The Court finds that the BPD "exist[s] only to serve the City of Beckley and [is], therefore, [an] instrumentality or extension of the [City of Beckley.]" *See*, *Polk v. Town of Sophia*, No. 5:13-CV-14224, 2013 WL 6195727, at *4 (S.D.W. Va. Nov. 27, 2013); *see also Tofi v. Napier*, No. 2:10-CV-01121, 2011 WL 3862118, at *4 (S.D.W. Va. Aug. 31, 2011) (Johnston, J.). Thus, the BPD is not susceptible to the instant lawsuit and all of the claims filed against Defendants Raleigh County Sheriff's Department and the BPD should be dismissed.

### B. Immunity Under the West Virginia Tort Claims and Insurance Reform Act

Defendant Raleigh County argues that the Plaintiff's claims should be dismissed against it as it is immune from liability for its employees' intentional acts. The Defendants assert that West Virginia Code § 29-12A-4(c)(2), part of the West Virginia Governmental Tort Claims and

Insurance Reform Act (WVGTCIRA), provides for liability for municipalities or political subdivisions for the negligent acts of their employees, but that those governmental entities are not liable for the intentional acts of their employees. The Defendants argue that all of the Plaintiff's allegations in Counts I, II, and III involve intentional acts, and the Defendants therefore cannot be held liable resulting in the dismissal of the claims.

The Plaintiff responds that her complaint sets forth allegations of negligence in all of her claims such that the complaint should not be dismissed. She contends that her claims for unlawful seizure in Count I, for deprivation of property without due process in Count II, and for conversion in Count III all sufficiently allege duties and breaches of duty by the Defendants such that she has purported negligence actions as opposed to intentional actions on the part of the Defendants' employees.

West Virginia Code § 29-12A-4(c)(2) states that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the *negligent* performance of acts by their employees while acting within the scope of employment." However, political subdivisions are not liable for "intentional malfeasance on the part of their employees." *Poe v. Town of Gilbert, W. Va.*, No. 2:11-CV-00645, 2012 WL 3853200, at *8 (S.D.W. Va. Sept. 5, 2012) (Johnston, J.) (citing *Mallamo v. Town of Rivesville*, 477 S.E.2d 525, 533-34 (W.Va. 1996)); *Polk v. Town of Sophia*, No. 5:13-CV-14224, 2013 WL 6195727, at *7 (S.D.W. Va. Nov. 27, 2013). Regarding the difference between a negligent act and an intentional act, "a mere allegation of negligence cannot turn an intentional tort into negligent conduct." *Weigle v. Pifer*, 139 F. Supp. 3d 760, 780 (S.D.W. Va. 2015) (Copenhaver, J.) (internal citations omitted). "Conduct that supports a negligence claim can be distinguished from conduct that supports an intentional tort claim by

examining the subjective intent of the alleged tortfeasor. Intentional torts, as distinguished from negligent or reckless torts . . . generally require that the actor intend the consequences of an act, not simply the act itself." *Id.*; *Asbury v. Ritchie Cty. Comm'n*, No. 1:16CV132, 2018 WL 445110, at *4 (N.D.W. Va. Jan. 16, 2018).

Here, as to Count I, the Plaintiff alleges that Raleigh County[2] unlawfully seized her automobile "with the specific intent to deprive the Plaintiff of her federal and state constitutional rights to be free from unlawful seizure of her property." (Compl. at ¶ 44.) Regarding Count II, the Plaintiff alleges that Raleigh County deprived her of her automobile without due process of law and did so "intentionally and or with deliberate indifference in seeking the forfeiture of Plaintiff's property . . . ." (*Id.* at ¶ 53.) Accepting the Plaintiff's allegations as true, the Court finds that Counts I and II state claims for recovery that stem from intentional actions. The Plaintiff specifically claims that the Defendants "intentionally failed to dismiss the forfeiture proceeding, and failed to schedule a hearing allowing Plaintiff to contest the forfeiture of her vehicle," and did so with the "specific intent to deprive Plaintiff of her" federal and state rights. (*Id.* at ¶ 41, 53.) These allegations clearly indicate that the Defendants intended the consequences of their actions. That is, the Plaintiff specifically alleges as to Counts I and II that the Defendants intentionally seized her property and prevented her from exercising her due process rights and to keep her automobile away from her unlawfully. At no point in Counts I and II of her complaint does the Plaintiff allege a duty or a breach of that duty, essential elements of a negligence claim. Therefore, because political subdivisions are not liable for intentional malfeasance under state law,

---

[2] Because the Court previously found that neither the Raleigh County Sheriff's Department nor the Beckley Police Department are entities capable of being sued, the only remaining Defendant at issue in regards to this specific motion is Raleigh County.

8

and because the Plaintiff has failed to allege claims based on negligence in Counts I and II, the motion to dismiss Counts I and II should be granted.

### C. 42 U.S.C. § 1983 Claims Against Raleigh County

Raleigh County moves for dismissal of any claims brought by the Plaintiff pursuant to 42 U.S.C. § 1983. Raleigh County argues that the Plaintiff has failed to sufficiently plead that a Raleigh County policy or custom was being executed during the allegations in question, and it therefore cannot be sued as a local governmental entity for the claims brought by the Plaintiff. The Plaintiff argues that a single instance of a constitutional violation supports a claim under Section 1983 when that incident constitutes the decision of a local policymaker, and further argues that she has sufficiently alleged a governmental policy that led to her injuries here.

Pursuant to 42 U.S.C. § 1983,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A local government cannot be sued under 42 U.S.C. § 1983 for injuries caused by its employees or agents unless it is the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that causes the injury. *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 694 (1978). "Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "To qualify as a 'final policymaking official,' a municipal official must have

9

the responsibility and authority to implement final municipal policy with respect to a particular course of action." *Asbury*, 2018 WL 445110, at *8.

The Court finds that the Plaintiff has failed to sufficiently plead a violation of an official policy or custom such that Raleigh County can be held liable for the Plaintiff's Section 1983 claims. In the Plaintiff's only remaining count, Count III, the Plaintiff alleges that the "Defendants unlawfully prohibited [her] from maintaining and exercising control over her personal property," together with several other allegations stemming from the Defendants' actions regarding her automobile. (Compl. at ¶ 58-64.) However, at no point in her complaint does the Plaintiff allege that Raleigh County maintained an official custom or policy of unlawfully seizing property and preventing citizens from using it. Further, regarding the Plaintiff's argument that a single allegation of a constitutional violation is sufficient to support her Section 1983 claim, at no point in her complaint has the Plaintiff named a single individual who may constitute an official municipal policymaker such that his or her actions would amount to a policy or custom sufficient to plead a Section 1984 action pursuant to *Pembaur*. Throughout her complaint, the Plaintiff merely refers to "Defendants" regarding the governmental entities and law enforcement bodies she has filed an action against, but at no point does she single out an individual who may have had authority to make or institute a relevant policy.

Given these allegations and the lack of any factual basis to support the existence of a policy or custom on the part of Defendant Raleigh County, the Court finds that the Plaintiff has failed to sufficiently plead a violation of 42 U.S.C. § 1983. The Plaintiff's complaint should be dismissed.

Inasmuch as the Court has found that both the Raleigh County Sheriff's Department and the BPD should be dismissed, and that the Plaintiff's claims under Section 1983 should be dismissed, the Court does not address the Defendants' remaining arguments.

**CONCLUSION**

WHEREFORE, after careful consideration, the Court **ORDERS** that the *Defendants Raleigh County and the Raleigh County Sheriff's Department's Motion to Dismiss the Plaintiff's Complaint* (Document 10) and the *Defendant, Beckley Police Department's Motion to Dismiss the Plaintiff's Complaint* (Document 12) be **GRANTED**. The Court further **ORDERS** that Defendants Raleigh County, Raleigh County Sheriff's Department, and Beckley Police Department be **DISMISSED** from this action.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 27, 2018

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA